Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHTON ROSSI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>ALIBABA.COM U.S. LLC, a Delaware company,<br><br>*Defendant.* | Case No. 5:25-cv-07927-BLF<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Ashton Rossi ("Plaintiff" or "Rossi") brings this Class Action Complaint and Demand for Jury Trial against Defendant Alibaba.com U.S. LLC ("Defendant" or "Alibaba") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to cellular telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rossi, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Ashton Rossi is a resident of Fallon, Nevada.

2. Defendant Alibaba is a Delaware registered company headquartered in Sunnyvale, California. Defendant Alibaba conducts business throughout the United States.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper since the Defendant resides in this District and made pre-recorded calls from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in July 2025 alone, at a rate of 139.5 million calls per day. www.robocallindex.com (last visited August 28, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Alibaba operates an online retail platform through which companies sell products to consumers and businesses throughout the world.[3]

15. Defendant Alibaba charges businesses to sell products on its website:

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/alibaba-com/about/



[4]

16. Defendant Alibaba uses pre-recorded calls to reach businesses and consumers *en masse* to find businesses who are willing to sell products on Defendant's online platforms including Alibaba.com and AliExpress.com.

17. Consumers have posted pre-recorded calls that they received from Alibaba online. For example:



[5] [6]

---

[4] https://seller.alibaba.com/us

[5] https://www.nomorobo.com/lookup/13108930927

[6] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/39372004-76da-11f0-abd4-5f2c51599416

18. That particular call was made using a prerecorded voice that dynamically can respond to the consumers responses. The same prerecorded voice of Alex from Alibaba on this call made the call to the Plaintiff in this case.

19. The primary address for the US operations of Alibaba.com is 525 Almanor Ave, Floor 400, Sunnyvale, California, as per the Alibaba Group website.[7]

20. As per the prerecorded voice call that is displayed above, and as per the call that Plaintiff Rossi received, the calls are being placed using a California-based 310 area code, showing that the calls are being placed by the US operations of Alibaba.com.

21. Upon discovery, it will be determined if additional corporate entities should be named, or if the corporate entity that has been named should be amended.

22. Other consumers have posted complaints online about unsolicited pre-recorded calls they received from Alibaba, such as:

- “Robocall”[8]
- “Unsolicited call”[9]
- “Robocall from alex at alibaba trying to get me to sign up at their website”[10]
- “This is Alex from Alibaba. Wants me to visit seller.alibaba.com. I don't have a business!”[11]

---

[7] https://www.alibabagroup.com/en-US/global-location
[8] https://cn.shouldianswer.net/phone-number/57185022088
[9] Id.
[10] https://lookup.robokiller.com/p/310-893-0926#comments-count
[11] https://800notes.com/Phone.aspx/1-310-893-0927

- "All in one export solution"[12]

23. Neither Plaintiff nor the members of the proposed class ever consented to receive the telephone calls at issue.

24. In response to these calls, Plaintiff Rossi brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

[12] https://lookup.robokiller.com/p/310-893-0927

## PLAINTIFF ROSSI'S ALLEGATIONS

25. Plaintiff Rossi is the subscriber of the cell phone number ending in 4958.

26. On August 22, 2025 at 2:27 PM, Plaintiff Rossi received an unsolicited call to his cell phone from 310-893-0926. Plaintiff did not answer the call.

27. Plaintiff Rossi received a pre-recorded voicemail from Defendant Alibaba from the prerecorded voice Alex:



[13]

28. The voicemail was pre-recorded, as evidenced by the fact that it begins after 2 seconds of silence that is consistent with automate dialing systems, it's generic in nature, and sounds scripted in its delivery, and based on identical voice

[13] https://www.dropbox.com/scl/fi/o6b7cok6dwoepbj4jiaf2/voicemail-24771740448.m4a?rlkey=2bpa2zslrksym8yvpxm9iklfx&dl=0

messages that were received by other consumers from the same and similar phone numbers, as documented below.

29. Another consumer posted a recording online that contains the exact same prerecorded voice Alex in paragraph 17 that was received from the same phone number that was used to contact Plaintiff Rossi:



[14] [15]

30. In addition, another consumer posted a recording online that contains the exact same prerecorded voice Alex in paragraph 17 and paragraph 28 that was received from a phone number that is different by 1-digit: (310) 893-0927 versus (310) 893-0926.

---

[14] https://www.nomorobo.com/lookup/13108930926

[15] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/b257a528-94ba-11f0-baa9-d260eccf8b71

**(310) 893-0927** is a Robocall

Be cautious.

**LISTEN**

0:00 / 0:51

**TRANSCRIPT**

Hello. Hi there. This is [redacted] from Alibaba. We help enterprises grow their businesses globally. Do you? Have a few minutes to learn about what we offer. Great. Alibaba specializes in enabling businesses to source products, find suppliers and expand their sales with more efficiency. May I know if your company is actively looking to expand into export markets or finding more buyers domestically right now. Hi there. This is [redacted] from Alibaba. We are one of the world's largest. B two b platform that connects buyers and suppliers worldwide. If you are looking for ways to explore the possibility of growing your exports business, feel free to reach us at seller [redacted] have a great day. Bye.

[16] [17]

31. The prerecorded call that Plaintiff Rossi received asks him to contact Alibaba at seller.alibaba.com, a website owned/operated by the Defendant.

32. All of the phone numbers from which Alibaba made prerecorded calls have a 310 California-based area code, confirming that the calls are from a US-based Alibaba entity.

33. On August 26, 2025, Plaintiff Rossi received an email from Alibaba referencing the pre-recorded call that he received on August 22, 2025.

---

[16] https://www.nomorobo.com/lookup/13108930927
[17] https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/39372004-76da-11f0-abd4-5f2c51599416


U.S. Sellers Exclusive | Unlock Trending Categories & Export Insights Inbox

Sell on Alibaba.com Aug 26 Unsubscribe
to me

From Sell on Alibaba.com global-seller@email.alibaba.com

Reply To global-seller@email.alibaba.com

To [redacted]

Date Aug 26, 2025 at 07:43

Standard encryption (TLS)
Learn more

Alibaba.com

**Dear Supplier,**

We recently called you regarding the **high demand for your products** on Alibaba.com. Many buyers are **awaiting your quotations** in Alibaba.com's RFQ (Request for Quotation) marketplace. Today, we're pleased to share key industry

34. The email was sent from Alibaba.com, from the email address global-seller@email.alibaba.com.

35. The IP of this email address is located in the US, again confirming that Plaintiff was called by a US-based Alibaba entity:

Email sent from **47.90.197.71** with hostname *out197-71.us.a.dm.aliyun.com* located in *United States*.

- ISP controlling this IP is **ALIBABA** with **1** complaints.
- This IP **IS NOT** allowed to send emails on behalf of *@alibaba.com*.
- We have received **1** complaints about this IP.
- IP **IS NOT** on the Spam.org Block List (SOBL).
- Abuse emails for reporting spam to this ISP are **abuse@alibaba-inc.com**.
- A full whois record is available for this IP from third party site domainIQ. [18]

36. Plaintiff Rossi has never done any business with Defendant Alibaba or any of its related entities.

37. Plaintiff Rossi did not provide his consent to Alibaba to place pre-recorded calls to his cell phone.

38. Plaintiff Rossi faces an imminent threat of receiving additional unlawful prerecorded calls from Defendant, as evidenced by the ongoing consumer complaints about calls from Alibaba (¶¶25-27), Defendant continues to conduct systematic prerecorded calling campaigns to U.S. businesses.

39. Plaintiff's phone number has not been removed from Defendant's calling lists, and absent injunctive relief, Plaintiff will continue to receive unwanted calls in violation of the TCPA.

40. Plaintiff Rossi listened to the voicemail that was left by Alibaba.

41. The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Rossi in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone,

[18] https://www.spam.org/complaint?uid=C-ALIBABA-COM-VJ90NFIOTG

in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

42. Seeking redress for these injuries, Plaintiff Rossi, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

43. Plaintiff Rossi brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message.

44. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rossi anticipates the need to amend the Class definition following appropriate discovery.

45. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls as part of the same campaign resulting in calls to other Class members.

46. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant made calls using a pre-recorded voice to cellular telephone numbers without consent;

(b) whether Defendant's conduct constitutes a violation of the TCPA; and

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. **Adequate Representation**: Plaintiff Rossi will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Rossi has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Rossi and his counsel are committed to vigorously prosecuting this action on behalf of the

members of the Class, and have the financial resources to do so. Neither Plaintiff Rossi nor his counsel have any interest adverse to the Class.

48. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Rossi Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rossi and the Pre-recorded No Consent Class)**

49. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

50. Defendant Alibaba transmitted unwanted solicitation telephone calls to Plaintiff Rossi and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

51. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Rossi and the other members of the Pre-recorded No Consent Class.

52. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Rossi and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rossi individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rossi requests a jury trial.

**ASHTON ROSSI**, individually and on behalf of all others similarly situated,

DATED this 26th day of December, 2025.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4

Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*