# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ASHTON ROSSI,<br><br>        Plaintiff,<br><br>    v.<br><br>ALIBABA.COM U.S. LLC,<br><br>        Defendant. | Case No.  25-cv-07927-BLF<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Re:  ECF No. 23] |

Before the Court is Defendant Alibaba.com U.S. LLC's Motion to Dismiss the First Amended Complaint and to Dismiss or Strike the Request for Injunctive Relief.  ECF No. 23 ("Mot."); *see also* ECF No. 25 ("Reply").  Plaintiff Ashton Rossi opposes.  ECF No. 24 ("Opp.").  The Court finds that this motion is suitable for resolution without argument and VACATES the hearing on March 26, 2026.  *See* Civ. L.R. 7-1(b).  For the reasons that follow, the Court DENIES the motion to dismiss.

## I.    BACKGROUND

Rossi initiated this putative class action on September 17, 2025.  ECF No. 1.  He subsequently filed an amended class action complaint on December 26, 2025, alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  ECF No. 21 ("FAC").  Plaintiff alleges that on August 22, 2025, he received an unsolicited call and a pre-recorded voicemail from "Alex from Alibaba," calling from a number with a California area code.  FAC ¶¶ 20, 26–27.  According to Rossi, the voicemail instructed him to contact Alibaba at seller.alibaba.com, a website he asserts is owned/operated by Defendant.  FAC ¶ 31.  Four days later, on August 26, 2025, Rossi received an email from globalseller@email.alibaba.com, an email address with a United States IP, which referenced the pre-recorded voicemail.  FAC ¶ 33–35.

Rossi alleges that he has never done business with Alibaba or any of its related entities and he did not consent to receiving pre-recorded calls. FAC ¶¶ 36–37. He further states that he "faces an imminent threat of receiving additional unlawful prerecorded calls from Defendant" because Alibaba has been the subject of numerous consumer complaints, Rossi's phone number has not been removed from Defendant's calling lists, and Defendant continues to conduct calling campaigns. FAC ¶¶ 16–17, 38–39. Because the pre-recorded calls have been made "*en masse without the prior express consent of the Plaintiff Rossi*" and the other class members, Rossi alleges that Defendant has violated the TCPA. FAC ¶¶ 49–52. In his prayer for relief, Rossi seeks, *inter alia*, damages and an injunction requiring Defendant to cease all unsolicited calling activity and to otherwise protect the interests of the class. FAC at Prayer for Relief.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

Dismissal of a complaint is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds,* 275 F.3d 1187 (9th Cir. 2001)).

### B.  Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Where the complaint demonstrates that a class action cannot be maintained

on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

### C. Leave to Amend

In deciding whether to grant leave to amend, a court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *See id.*

### III. REQUEST FOR JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of four documents. ECF No. 23-1 ("RJN"). The first is a screenshot of Alibaba.com's Linkedin Page. RJN Ex. 1. The second is a screenshot from the webpage https://seller.alibaba.com/us. RJN Ex. 2. The third is a screenshot from the webpage https://www.alibabagroup.com/en-US/. RJN Ex. 3. The fourth is a copy of a Securities and Exchange Commission filing, titled List of Subsidiaries and Consolidated Entities of Alibaba Group Holding Limited as of March 31, 2024. RJN Ex. 4. A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). To the extent Rossi is concerned that the request for judicial notice asks the Court to "decide facts," Opp. at 7, the Court notes that "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The Court finds that the first three exhibits are proper subjects of judicial notice, because they are publicly available webpages. *See Sneed v. AcelRx Pharms.*, No. 21-cv-04353-

United States District Court
Northern District of California

3

BLF, 2024 WL 2059121, at *4 (N.D. Cal. May 7, 2024). The Court also takes judicial notice of the fourth exhibit, because Securities and Exchange Commission filings are matters of public record not subject to reasonable dispute. *Id.* Accordingly, Defendant's request for judicial notice is GRANTED.

## IV.    DISCUSSION

Defendant makes two arguments in its motion. First, Defendant contends that the FAC does not sufficiently allege that Alibaba.com U.S. LLC—the named Defendant—is the Alibaba entity that called Rossi. Mot. at 12–15. Second, Defendant argues that Rossi's request for injunctive relief should be dismissed or stricken because it is overbroad and Rossi does not adequately allege the possibility of future harm. Mot. at 15–17. In opposition, Rossi urges that the FAC includes facts sufficient to show that Alibaba.com U.S. LLC made the unlawful prerecorded calls, Opp. at 2–8, and that Rossi's request for injunctive relief is adequately alleged and sufficiently narrow, Opp. at 10–12. The Court addresses each issue in turn.

### A.  Alibaba.com U.S. LLC

According to Defendant, the FAC contains no facts that establish that Alibaba U.S. LLC is the Alibaba entity that called Plaintiff or is otherwise responsible for the call. Mot. at 12–15. Plaintiff contends that Defendant's argument requires the Court to draw all inferences in favor of Defendant, which is not the standard at the motion to dismiss stage. Opp. at 2–8. In the alternative, Plaintiff requests limited discovery to determine the proper parties. Opp. at 9–10.

To state a claim under the TCPA, a plaintiff must allege that (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. *Barnes v. Sunpower Corp.*, No. 22-cv-04299-TLT, 2023 WL 2592371, at *2 (N.D. Cal. Mar. 16, 2023) (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)). To make a call under the TCPA, the defendant must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Id.* (quoting *Ewing v. Encor Solar, LLC*, No. 18-cv-2247-CAB-MDD, 2019 WL 277386, at *6 (S.D. Cal. Jan. 22, 2019)). The parties contest whether the FAC sufficiently alleges that Alibaba.com U.S. LLC "made" the call for purposes of TCPA liability.

4

United States District Court
Northern District of California

According to Defendant, the fact that the call came from "Alex from Alibaba" is not sufficient to show that Alibaba.com U.S. LLC is the entity responsible for the call, because there are a number of Alibaba entities worldwide and the fact that the call came from a number with a California area code does not prove that the named Defendant is the proper defendant.  Mot. at 13. In support of this argument, Defendant points to the existence of a slew of other Alibaba entities that may have been responsible for the call.  *Id.* (citing RJN Exs. 3–4).  As Rossi correctly argues, however, it does not follow from the existence of other Alibaba entities that the FAC does not include sufficient facts to support a plausible inference that Alibaba.com U.S. LLC made the call.

The FAC states that Alibaba.com is located in California, FAC ¶ 19, the call was placed from a California area code, FAC ¶ 20, and the voicemail directed Rossi to seller.alibaba.com, a website allegedly owned or operated by the Defendant, FAC ¶ 31.  Rossi also states that a few days after receiving the call, he received an email from global-seller@email.alibaba.com, an email with a United States IP, that stated that "[w]e recently called you."  FAC ¶¶ 33–35.  It is certainly true that the facts alleged may not ultimately prove that Alibaba.com U.S. LLC made the call within the meaning of the TCPA.  But that is not the standard at the motion to dismiss stage. Drawing all inferences in favor of Rossi, these facts support a plausible inference that Alibaba.com U.S. LLC or its agent made the call and left a prerecorded message.  *See Kristensen v. Credit Payment Servs. Inc.*, No. 12–cv–00528–KJD–PAL, 2013 WL 686492, at *2 (D. Nev. Feb. 22, 2013) (finding that a motion to dismiss was the "wrong vehicle" to address the argument of whether the wrong defendant was named in a TCPA action).

As Rossi argues in his opposition, the cases relied upon by Defendant do not compel a contrary result.  To begin, *Abante Rooter & Plumbing v. Farmers Group, Inc.* is readily distinguishable.  *See* No. 17-cv-03315-PJH, 2018 WL 288055 (N.D. Cal. Jan. 4, 2018).  There, the plaintiff received communications asking about plaintiff's interest in "Farmers Insurance services."  *Id.* at *1–2.  All parties agreed that the defendant, Farmers Group, did not sell insurance in the state where the calls were made*, id.* at *1, and the complaint included no facts showing that the Defendant made or directed others to make the call, *id.* at *4.  Here, by contrast, the FAC provides a number of facts that support a reasonable inference that Defendant is responsible for

the call, *id.*, including allegations about Alibaba.com U.S. LLC's United States location, the California area code of the phone number, and the United States IP of the email address.  *See* FAC ¶¶ 19, 32, 35.  Moreover, Alibaba.com U.S. LLC "operates an online retail platform,"  FAC ¶ 14, and the voicemail inquired about Rossi's interest in a business-to-business platform, FAC ¶ 27. *Cf. Abante Rooter*, 2018 WL 288055, at *1 ("The parties do not dispute that Farmers Group itself does not sell insurance in [the state where the calls were received].").  The FAC's detailed allegations also stand in contrast to those in *Canary v. Youngevity International, Inc.*, that, at most, raised a mere "possibility or suspicion" that the caller was the defendant identified in the complaint, No. 18-cv-03261-EJD, 2019 WL 1275343, at *3 (N.D. Cal. Mar. 20, 2019).

Furthermore, in *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-07129-YGR, 2018 WL 1524067 (N.D. Cal. Mar. 28, 2018), the court found that the plaintiff failed to plead sufficient facts to establish that the defendant made the call under the TCPA, because the defendant only provided the platform that facilitated calling, and did not choose whom to call, *id.* at *3–*4.  Here, by contrast, Rossi alleges that Alibaba.com U.S. LLC itself initiated—rather than facilitated—the call.  *See* FAC ¶ 27.  Lastly, in *Wilson v. Medvidi*, the complaint "provide[d] no factual details" that suggested the defendant was responsible for the unwanted communication, and instead so asserted in a "conclusory allegation."  No. 25-cv-03996-BLF, 2025 WL 2856295, at *4 (N.D. Cal. Oct. 7, 2025).  The complaint in *Medvidi* is a far cry from the FAC, which, as detailed above, includes specific factual allegations from which it reasonable to infer that Alibaba.com U.S. LLC was responsible for the call.  Accordingly, the Defendant's motion to dismiss the TCPA claim is DENIED, and Rossi's request in the alternative for limited discovery is DENIED AS MOOT.

### B.  Injunctive Relief

Defendant seeks to strike or dismiss the request for injunctive relief as overbroad and contends that Rossi does not have standing to seek it.  Mot. at 15–17.  Rossi urges the opposite. Mot. at 10–12.

#### 1.    Overbroad

To begin, Defendant contends that the request for injunctive relief is "grossly overbroad." Mot. at 15.  Plaintiff argues that the request for injunctive relief would require that Defendant

United States District Court
Northern District of California

cease activity that is unlawful under the TCPA, and nothing more.  "An injunction must be narrowly tailored to remedy the specific harm shown." *East Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (citation omitted).  The introduction to the FAC states that Rossi brings this action "to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded calls to cellular telephone numbers without consent," FAC at 1, while the prayer for relief seeks "[a]n injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class," FAC at Prayer for Relief.  The Court acknowledges that the FAC is somewhat inconsistent in describing the injunctive relief sought.  And it is true that if granted, the request for injunctive relief described in the prayer for relief would enjoin lawful conduct, because the TCPA prohibits only unsolicited *prerecorded* calls.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  However, Rossi does not argue that he seeks such broad relief.  *See* Opp. at 11–12 ("Plaintiff seeks injunctive relief on behalf of himself and the members of the proposed class requiring Defendant to cease all unsolicited prerecorded calls made without prior express consent.").  The Court is accordingly satisfied that the request for injunctive relief sought in the FAC seeks to enjoin only unlawful conduct.  Thus, Defendant's motion to dismiss or strike the request for injunctive relief as overbroad is DENIED.

### 2.   Article III Standing

Defendant also seeks to dismiss the request for injunctive relief for lack of Article III standing, arguing that Rossi has not alleged facts that demonstrate a sufficient likelihood of future harm.  Mot. at 16–17.  In response, Rossi contends that he has adequately alleged the existence of a real and imminent threat of harm to himself and the proposed class members.  Opp. at 10–11.

To establish Article III standing "[f]or injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).  As a consequence, "[w]here standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Rossi alleges that his phone number has not been removed from Defendant's calling lists,

United States District Court
Northern District of California

so, absent injunctive relief, he will continue to receive unlawful calls.  FAC ¶ 39.  He further asserts that the threat of future unlawful calls follows from the alleged "ongoing consumer complaints about calls from Alibaba," and Defendant's "systematic prerecorded calling campaigns."  FAC ¶ 38.  According to Defendant, these allegations are not enough.  The Court disagrees.  Unlike in *Wilson v. PacifiCorp.*, No. 24-cv-01956-AA, 2025 WL 2802987, at *3 (D. Or. Sept. 30, 2025), where the plaintiff did not allege a sufficient threat of future harm because it had been ten months since the last alleged call, here, Rossi alleges that he has not been removed from Defendant's calling list and Defendant conducts systematic prerecorded calling campaigns.  FAC ¶¶ 38–39.  Rossi's allegations are sufficient at this stage to support a plausible inference of a likelihood of future harm.  *See Shelton v. Freedom Forever, LLC*, No. 25-cv-01970-ODW-KSx, 2025 WL 2912669, at *3 (C.D. Cal. Oct. 14, 2025) (plaintiff's alleged pattern of communications without assurances of cessation supported a reasonable inference that future violations might occur).  Accordingly, Defendant's motion to dismiss the request for injunctive relief for lack of standing is DENIED.

## V.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss, ECF No. 23, is DENIED.

Dated:  March 24, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8